**[J-26-2015][M.O. – Baer, J.]**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| RANDALL A. CASTELLANI AND JOSEPH J. CORCORAN, | : | No. 117 MAP 2014 |
| | : | |
| | : | Appeal from the Order of the Superior |
| Appellants | : | Court at No. 907 MDA 2012 dated |
| | : | 3/11/14 affirming the order of the |
| v. | : | Lackawanna County Court of Common |
| | : | Pleas, Civil Division, at No. 2005 CV 69 |
| THE SCRANTON TIMES, L.P. T/D/B/A | : | dated 8/19/11 |
| THE SCRANTON TIMES AND THE | : | |
| TRIBUNE AND JENNIFER L. HENN, | : | |
| | : | |
| Appellees | : | ARGUED: April 8, 2015 |

**CONCURRING AND DISSENTING OPINION**

**MR. CHIEF JUSTICE SAYLOR**                    **DECIDED: October 27, 2015**

I agree with the majority to the extent it holds that: (a) the Superior Court erred in distinguishing *Weaver v. Lancaster Newspapers, Inc.*, 592 Pa. 458, 926 A.2d 899 (2007), from the present case, *see* Majority Opinion, *slip op.* at 22-23; and (b) the opinions issued by Judges Garb and Feudale constitute relevant, non-hearsay evidence in relation to whether the Newspaper acted with malice. *See id.* at 24-25.

With that said, it is undisputed that these pronouncements are inadmissible hearsay in relation to the critical threshold issue of falsity. Moreover, they speak directly and forcefully to that very issue. That being the case, like Mr. Justice Eakin I disagree with the majority's assessment that a cautionary instruction can effectively eliminate any undue prejudice stemming from exposure to these expressions. *See* Majority Opinion, *slip op.* at 26. That the statements are made by judicial officers only serves to

compound their prejudicial effect as to falsity. *See* Concurring and Dissenting Opinion, *slip op.* at 3 (Eakin, J.) (citing *Nippers v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993)); Brief for Appellees at 34-35 (collecting cases); *see also id.* at 36 (arguing that "the likelihood that the jury will consider [the Garb and Feudale opinions] on the issue of falsity" creates a "substantial risk that the jury [will] decide [that issue] on an improper basis" (internal quotation marks and citation omitted)). Thus, I would ultimately conclude that under Rule 403 the opinions are inadmissible in a unified trial; short of that, and at a minimum, I would require that in addition to an appropriate limiting instruction, the identity and official title of the sources be redacted in any proceeding in which the foundational question of falsity is to be considered by the jurors.

I also tend toward Justice Eakin's position that bifurcating the proceedings into falsity and malice stages would go a long way toward eliminating any unfair prejudice that the Newspaper would otherwise suffer from introduction of the judicial opinions. Notably, however, the question is not squarely before this Court in the present appeal.[1] Therefore, were my position to prevail I would leave it to the parties to request bifurcation.

---

[1] The bifurcation issue was presented to the Superior Court in a separate interlocutory appeal, albeit the intermediate court chose not to address its merits due to its resolution of a distinct question involved in that appeal. *See Castellani v. Scranton Times, L.P.*, No. 1145 MDA 2012, *slip op.* at 34 (Pa. Super. June 10, 2014). Appellants petitioned for discretionary review in this Court, and we held the petition pending our disposition in the present appeal. *See Castellani v. Scranton Times, L.P.*, No. 477 MAL 2014, Unpublished Order (Pa. Oct. 15, 2014) (*per curiam*); Majority Opinion, *slip op.* at 9 n.7.